IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-151-FL

| | | |
|---|---|---|
| WILLIAM AUGUSTUS PERRY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| US DEPT OF DEFENSE and US NAVY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 17), and plaintiff's motions to grant allowance of complaint and to waive sovereign immunity (DE 21, 22). The issues raised are ripe for ruling. For the following reasons, defendants' motion is granted and plaintiff's motions are denied.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se October 22, 2024, under the Federal Tort Claims Act, asserting that defendant US Navy failed to properly treat plaintiff's combat injuries incurred during his military service in Vietnam in 1973. Plaintiff seeks $6,000,000.00 in damages, and $12,000,000.00 "if death occurs prior to settlement." (Compl. (DE 1) at 3).[1]

---

[1] Also pending before the undersigned are two other cases brought by plaintiff: 1) Perry v. US Federal Drug Administration et al., No. 4:24-CV-150-FL (E.D.N.C.) (the "-150 case"), and 2) Perry v. US Department of Veterans Affairs et al., No. 4:24-CV-152-FL (E.D.N.C.) (the "-152 case"). In the -152 case, there are three ripe pending motions, which will be addressed by separate order. In the -150 case, there is presently pending a motion to dismiss filed by defendant Apria Healthcare, LLC (-150 case, DE 86), which is not yet ripe and which will be addressed by separate order.

Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff responded and filed the instant motions.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows:

> The US Navy failed to treat my brain, head, neck, spine, spinal cord and resulting injuries/damages from a Vietnam combat injury event caused by direct gunfire from enemy[.]
>
> I was severely injured and only saw the hospital corpsman assigned to my command. I was only given a hot water bottle to put on my internal injuries.
>
> My injuries needed a medical doctor and hospitalization. I requested medical help but never received it during my time in the navy[.] US Navy medical malpractice and negligence[.] I have had to live with these severe injuries my whole life since 1973 in Vietnam[.]
>
> The Navy was obligated to treat me in accordance with my severe degree of injury but I never received any treatment by a medical doctor nor military hospital. I am severely disabled for life. My injuries are ongoing and adding in number each day, each month.

(Id. at 2-3).

## COURT'S DISCUSSION

A.   Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[2] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of

---

[2]   Internal citations and quotation marks are omitted from all citations unless otherwise specified.

subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

Defendant argues that the instant action must be dismissed for lack of subject matter jurisdiction because of exceptions to waiver of immunity under the Federal Tort Claims Act. Defendant also argues that plaintiff fails to state a claim upon which relief can be granted due to statute of limitations and insufficient factual allegations. Because the court agrees dismissal is warranted due to lack of subject matter jurisdiction, the court does not reach the additional grounds raised for dismissal.

"[T]he Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., . . . waive[s] the sovereign immunity of the United States for certain torts that otherwise could be proved against it." Minns v. United States, 155 F.3d 445, 447–48 (4th Cir. 1998). However, under "the Feres

doctrine, . . . servicemen [can] not sue fellow servicemen or the government for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service, and . . . the FTCA d[oes] not create or imply such liability." Id. at 448 (quoting Feres v. United States, 340 U.S. 135, 146 (1950)).

The Feres doctrine "encompass[es], at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Clendening v. United States, 19 F.4th 421, 428 (4th Cir. 2021). Thus it extends to claims that a plaintiff's "injury occurred as a result of medical treatment by military doctors, [thus] conclusively demonstrat[ing] that that injury was incident to service." Appelhans v. United States, 877 F.2d 309, 311 (4th Cir. 1989); see, e.g., Carter v. United States, No. 22-1703, 2024 WL 982282, at *1 (4th Cir. Mar. 7, 2024) (affirming dismissal of Federal Tort Claims Act action for lack of subject matter jurisdiction under Feres, where claims were based upon the plaintiff's allegedly defective medical treatment as a member of the military).

Here, plaintiff's claims are barred by the Feres doctrine because they are based upon an alleged failure by defendant US Navy to treat plaintiff properly for "a Vietnam combat injury event caused by direct gunfire from enemy." (Compl. (DE 1) at 2). Plaintiff alleges he "only saw the hospital corpsman assigned to [his] command," and he claimed he "never received" appropriate medical care "during [his] time in the navy." (Id.). He contends defendant US Navy "was obligated to treat" him properly but did not do so, resulting in lifelong and increasing injuries. (Id. at 3). Thus, plaintiff's injuries are directly "related to [his] status as a member of the military," Clendening, 19 F.4th at 428, and specifically as "a result of medical treatment by military doctors, [thus] conclusively demonstrat[ing] that that injury was incident to service." Appelhans, 877 F.2d at 311. Accordingly, the Feres doctrine requires dismissal of plaintiff's claims.

4

In sum, plaintiffs' complaint must be dismissed "without prejudice" for lack of subject matter jurisdiction. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013). Likewise, because the court lacks subject matter jurisdiction, plaintiffs' motions necessarily must be denied. See id. ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Further, to the extent plaintiff seeks to amend his complaint to add additional factual allegations as suggested in his response to defendant's motion, amendment is futile in light of the application of the Feres doctrine as a bar to plaintiff's claims based upon injuries allegedly incurred during military service.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 17) is GRANTED, and plaintiffs' motions (DE 21, 22) are DENIED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge